UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISTIE KAI EVANS )<br>)<br>and )<br>)<br>AISHA JACKSON HACKLEY )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____ ) | C.A No. 1:06CV01972 (RMC) |

**STIPULATION FOR COMPROMISE SETTLEMENT, RELEASE
OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT
TO 28 U.S.C. § 2677 AND ORDER OF DISMISSAL OF THIS ACTION**

It is hereby stipulated by and between the parties, plaintiffs Kristie Kai Evans and Aisha Jackson Hackley, and defendant, the United States of America, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay to Kristie Kai Evans, the cash sum of Forty-Four Thousand Five Hundred dollars and 00/100 ($44,500.00), and to pay to Aisha Jackson Hackley, the cash sum of Four Thousand Five Hundred dollars and 00/100 ($4,500.00), which sums shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the

consequences thereof, resulting, and to result, from the subject matter of this settlement, for which the plaintiffs and their heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiffs and their heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America and the U.S. Capitol Police, their agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.  Plaintiffs and their heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America and the U.S. Capitol Police, their agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their heirs, executors, administrators or assigns against any third party or against the United States or the U.S. Capitol Police.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States and

the U.S. Capitol Police, their agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that costs, fees, expenses, taxes, and attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement relating to the United States.

7. Payment of the settlement amount will be made by the United States by wire transfer as per information provided by plaintiffs' counsel.

This wire transfer shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, after entry of this stipulation by the Court.

8. This Stipulation will be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. This case is dismissed with prejudice, except that the Court shall retain jurisdiction to reinstate this action on motion by any of the parties to resolve a claim of noncompliance with the terms of this stipulation.

Respectfully submitted,

_____  
JOYCE M. NOTARIUS, ESQ. #943712  
CADEAUX, TAGLIERI & NOTARIUS, P.C.  
1100 Connecticut Ave., N.W.  
Suite 800  
Washington, D.C. 20036  

Attorneys for the Plaintiffs  

_____  
KRISTIE KAI EVANS  
Plaintiff  


_____  
AISHA JACKSON HACKLEY  
Plaintiff  

_____  
JEFFREY A. TAYLOR, Bar #498610  
United States Attorney  

_____  
RUDOLPH CONTRERAS, Bar #434122  
Assistant United States Attorney  

_____  
CLAIRE WHITAKER, Bar #354530  
Assistant United States Attorney  
555 4th St., N.W. Room #-4204  
Washington, D.C. 20530  
(202) 514-7137  

Attorneys for the United States of America  


SO ORDERED on this _____ day of _____, 2007.


_____  
UNITED STATES DISTRICT JUDGE

4

10. This case is dismissed with prejudice, except that the Court shall retain jurisdiction to reinstate this action on motion by any of the parties to resolve a claim of noncompliance with the terms of this stipulation.

Respectfully submitted,

_____
JOYCE M. NOTARIUS, ESQ. #943712
CADEAUX, TAGLIERI & NOTARIUS, P.C.
1100 Connecticut Ave., N.W.
Suite 800
Washington, D.C. 20036

Attorneys for the Plaintiffs

_____
KRISTIE KAI EVANS
Plaintiff

_____
AISHA JACKSON HACKLEY
Plaintiff

_____
JEFFREY A. TAYLOR, Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, Bar #434122
Assistant United States Attorney

_____
CLAIRE WHITAKER, Bar #354530
Assistant United States Attorney
555 4th St., N.W. Room #-4204
Washington, D.C. 20530
(202) 514-7137

Attorneys for the United States of America

SO ORDERED on this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

4